DA 07-0194

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 256N

MICHAEL HENRY DITTON,

        Petitioner and Appellant,

  v.

DEPARTMENT OF JUSTICE MOTOR VEHICLES
DIVISION STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
                   In and For the County of Gallatin, Cause No. DV 06-480B
                   Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael H. Ditton, (Pro Se), Bozeman, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Ilka Becker,
          Assistant Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Matthew B. Lowy,
          Deputy County Attorney, Bozeman, Montana

                    Submitted on Briefs: January 4, 2008

                           Decided:  July 22, 2008

Filed:

                   _____
                               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Henry Ditton appeals from an order denying reinstatement of his Montana driver's license. We affirm.

¶3 At about 11:30 p.m., on August 19, 2006, Bozeman Police Officer Steven Crawford (Crawford) was driving through the parking lot of the Filling Station Bar and Grille in Bozeman when he observed a vehicle parked at an unusual angle within a row of vehicles with its lights and brake lights on and the engine running. Officer Crawford then observed the vehicle leave the parking lot and turn north. Crawford followed and noticed the vehicle weaving within its lane, crossing the fog line on the right side of the road, and driving on the double yellow centerlines. The driver signaled a right turn, missed the turn and drove partially off the roadway. At that point, Crawford turned on his emergency lights to signal the vehicle to stop. However, the vehicle backed up, drove forward, struck a stop sign post, then backed up again and drove forward approximately a car length before coming to a stop. Crawford turned on his siren because he did not think the vehicle was going to stop.

¶4 Crawford approached the vehicle and observed Ditton seated in the driver's seat.

2

Ditton identified himself to Crawford with his driver's license. Crawford observed Ditton's eyes were glassy and bloodshot and his speech was slurred. Although he did not initially detect alcohol on Ditton's breath, he did so a little later. After administering field sobriety tests, Crawford requested Ditton provide a breath sample, which Ditton refused after Crawford read him the preliminary alcohol screening test advisory.

¶5 Crawford placed Ditton under arrest for driving under the influence of alcohol. After advising Ditton of his Miranda rights, Crawford asked Ditton how much he had to drink, to which he replied, "a lot." Crawford transported Ditton to the Gallatin County Jail, read the implied consent advisory to Ditton, and again requested that Ditton provide a breath sample, which Ditton refused. The jail was overcrowded, so Crawford drove Ditton home.

¶6 Ditton filed a petition for reinstatement of his driver's license and moved for a stay of the suspension pending a hearing. The District Court granted the stay and ordered Ditton's driver's license returned.

¶7 In the evidentiary hearing, both Ditton and Crawford testified. Crawford testified regarding his observations which had led to the stop. Crawford testified that, following his stop of Ditton, Ditton was methodical, but responded slowly and fumbled with the paperwork to produce his vehicle registration and proof of insurance. Crawford further testified Ditton failed field sobriety tests, that Ditton refused a breath test, and that Crawford then arrested Ditton for driving under the influence of alcohol.

¶8 The District Court entered findings of fact, conclusions of law and an order in which the court determined that based on Crawford's observations of Ditton driving from

3

a bar, crossing the fog line, driving on the double-yellow center line and driving off the paved road, Crawford had particularized suspicion to stop Ditton's vehicle. The court concluded the facts and circumstances Crawford observed before and after the stop constituted probable cause to arrest Ditton. The court also found Ditton refused to provide a breath sample. The court denied the petition for reinstatement of Ditton's driver's license.

¶9     A suspension of a driver's license is presumed to be correct, and the appellant has the burden of establishing the suspension was improper. *Kleinsasser v. State,* 2002 MT 36, ¶ 10, 308 Mont. 325, ¶ 10, 42 P.3d 801, ¶ 10. We review a district court's denial of a petition for reinstatement of driving privileges to determine whether the court's findings of fact are clearly erroneous and the conclusions of law are correct. *Widdicombe v. State ex rel. LaFond,* 2004 MT 49, ¶ 7, 320 Mont. 133, ¶ 7, 85 P.3d 1271, ¶ 7. The "reasonable grounds" requirement contained in § 61-8-403(4)(a)(i), MCA, is the equivalent of "particularized suspicion" as defined in § 46-5-401, MCA. *Kleinsasser,* ¶ 11.

¶10    Based on the record, we conclude the District Court did not err when it found particularized suspicion to justify the traffic stop, probable cause for the arrest, and that Ditton refused to provide a breath sample. This is all that is required to support the suspension of a Montana driver's license under § 61-8-401 and 402, MCA.

¶11    We have determined to decide this case pursuant to Section I, paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2005, which provides for memorandum opinions where the record before us is insufficient to establish any error by

4

the District Court.

¶12     Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART